United States District Court
for the
Eastern District of New York

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST<br><br>　　　　Plaintiff<br><br>　　v.<br><br>GREGORY COLEMAN, ROBIN E. COLEMAN AKA ROBIN COLEMAN, CAPITAL ONE BANK USA N.A., UNIFIED WINDOW SYSTEMS, INC.,<br><br>　　　　Defendant(s) | Civil Action No. 17-CV-5477<br><br>**COMPLAINT** |

The Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

### INTRODUCTION

1.　This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 16 Revere Court, Hempstead, NY 11550, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule A.

### PARTIES

2.　Plaintiff is a national association with its principal executive office at 300 East Delaware Avenue, 8th Floor, Wilmington, DE 19809. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original note.

3.　U.S. Bank Trust, N.A. is empowered to hold, manage, and dispose of assets of the Trust and to prosecute legal actions on behalf of the LSF9 Master Participation Trust, including this mortgage foreclosure action. U.S. Bank Trust, N.A. has legal title to and manages the assets of the LSF9 Master Participation Trust, and controls the litigation on behalf of the LSF9 Master Participation Trust.

4. Defendant Gregory Coleman is a citizen of New York, and the owner of the Property.

5. Defendant Robin E. Coleman a/k/a Robin Coleman is a citizen of New York, and the owner of the Property.

6. Defendant Capital One Bank USA N.A. is a national banking association formed under the laws of Virginia with its principal place of business in 1680 Capital One Drive, McLean, VA 22102, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

7. Defendant Unified Window Systems, Inc. is a corporation formed under the laws of New York with its principal place of business in 299 Peninsula Boulevard, Hempstead, NY 11550, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

8. The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. The interest or lien of each defendant is attached as Schedule C.

9. The interest or lien of any governmental entity is attached as Schedule D.

## STATEMENT OF JURISDICTION

10. Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

11. Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

12. On or about October 9, 2009, Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman executed and delivered a Note whereby Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman promised to pay the sum of $294,566.00 plus interest on the unpaid amount due. The terms of the Note were subsequently modified on March 7, 2015. The terms of the Note were further modified on July 9, 2016.

13. As security for the payment of the Note Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman duly executed and delivered a Mortgage, in the amount of $294,566.00 which was recorded as follows.

Recording Date: October 27, 2009
Book 34300/Page 452
Nassau County Clerk

14. The Mortgage was subsequently assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

15. The Mortgage was modified by a Modification Agreement executed by Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman and effective March 1, 2015 and taxes will be paid on the modified amount.

16. The Mortgage was subsequently modified by a Modification Agreement executed by Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman and effective July 1, 2016 and taxes will be paid on the modified amount.

17. Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on September 1, 2016 and subsequent payments.

18. There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $238,001.91
Interest Rate: 2%
Date Interest Accrues from: September 1, 2016

There is now further due and owing on said mortgage the following deferred amount:

Deferred Balance: $76,490.68
Interest Rate: 0%

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

19. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

20. Plaintiff has complied with the notice provision of the Mortgage and RPAPL §1304 and filed the information required by RPAPL §1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

21. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff

to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS:**

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Gregory Coleman and Robin E. Coleman a/k/a Robin Coleman, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: September 6, 2017
Westbury, New York

By: _____
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## Schedule A - Legal Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Incorporated Village of Hempstead, Town of Hempstead, County of Nassau and State of New York, known as and by the Plot No. 32 in Block 4, as shown on a certain map entitled, "Amended Map of Surrey Lane Development, located in the Village of Hempstead, Nassau County, New York, surveyed January 1935 and amended August 24, 1935 Carroll W. McLaughlin, Civil Engineer, Hempstead, N.Y. original map filed in the Nassau County Clerk's Office February 19, 1935 No. 1165" and which map was filed in the Office of the Clerk of the County of Nassau on August 28, 1935 under File No. 992, New No. 2761, and which said plot is more particularly bounded and described as follows:

BEGINNING at a point on the southerly side of Revere Court distant 160 feet easterly from the corner formed by the intersection of the southerly side of Revere Court with the easterly side of Surrey Lane;

RUNNING THENCE along the southerly side of Revere Court north 69 degrees 29 minutes 10 seconds east, a distance of 61.94 feet to a point on the westerly side of land as shown on the "Map of Fairview Estates Section No. 1";

THENCE along the westerly side of land as shown on "Map of Fairview Estates Section No. 1" south 18 degrees 09 minutes 30 seconds east, a distance of 100.08 feet to a point;

THENCE south 69 degrees 29 minutes 10 seconds west a distance of 57.82 feet to a point;

THENCE north 20 degrees 30 minutes 50 seconds west, a distance of 100 feet to a point on the southerly side of Revere Court, at the point or place of BEGINNING.

## **Schedule B**

Attached here as Schedule B is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

Multistate

# NOTE

FHA Case No.

OCTOBER 09, 2009
[Date]
16 REVERE COURT, HEMPSTEAD, NY 11550
[Property Address]

1. **PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BANK OF AMERICA N.A.

and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY; INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED NINETY FOUR THOUSAND FIVE HUNDRED SIXTY SIX AND 00/100

Dollars (U.S. $   294,566.00   ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE AND ONE-QUARTER percent (   5.250   %) per year until the full amount of principal has been paid.

3. **PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **MANNER OF PAYMENT**
   (A) Time
   Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on DECEMBER 01, 2009. Any principal and interest remaining on the first day of NOVEMBER 2039, will be due on that date, which is called the "Maturity Date."
   (B) Place
   Payment shall be made at BANK OF AMERICA, N.A., P.O. BOX 535318, ATLANTA, GEORGIA 30353-5318 or at such place as Lender may designate in writing by notice to Borrower.
   (C) Amount
   Each monthly payment of principal and interest will be in the amount of U.S. $   1,626.61   . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
   (D) Allonge to this Note for payment adjustments
   If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   ☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

FHA Multistate Fixed Rate Note - 10/95
-BS1R (9609)
ELECTRONIC LASER FORMS, INC. - (800)327-0545
Page 1 of 3



## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

(A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of     FOUR     percent (   4.0   %) of the overdue amount of each payment.

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)     _____ (Seal)
GREGORY COLEMAN         -Borrower    ROBIN E COLEMAN         -Borrower

_____ (Seal)     _____ (Seal)
                        -Borrower                            -Borrower

_____ (Seal)     _____ (Seal)
                        -Borrower                            -Borrower

_____ (Seal)     _____ (Seal)
                        -Borrower                            -Borrower

PAY TO THE ORDER OF
_____

WITHOUT RECOURSE
BANK OF AMERICA, N.A.
BY: _____Christina M Schmitt_____
CHRISTINA M. SCHMITT
ASSISTANT VICE PRESIDENT

-BS1R (9806)                Page 3 of 3
BS1R 10/08/09 10:34 AM 6089740366

## Schedule C-Defendants

| | |
|---|---|
| Gregory Coleman | Borrower |
| Robin E. Coleman AKA Robin Coleman | Borrower |
| Capital One Bank USA N.A. | Holder of a judgment |
| Unified Window Systems, Inc. | Holder of a Mechanic's Lien filed on March 11, 2016 under Index No: 2016-00047214 |

## Schedule D – Defendants

**NONE**